**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **TIMOTHY BLACKWELL**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-3912-L** |
| | § | |
| **ACROSS U.S.A., INC.,** | § | |
| | § | |
| Defendant. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Plaintiff's Motion to Remand, filed November 5, 2014.  After careful consideration of the motion, response, reply, record, and applicable law, the court **grants** Plaintiff's Motion to Remand and **remands** this action to County Court at Law No. 5, Dallas County, Texas.

**I.      Background**

Timothy Blackwell ("Plaintiff" or "Blackwell") originally filed this action against Across USA, Inc. ("Defendant" or "Across U.S.A.") in County Court at Law No. 5, Dallas County, Texas, on September 29, 2014.  Blackwell filed Plaintiff's First Amended Petition ("Amended Petition") on October 29, 2014.  He asserts claims for violations of the Texas Deceptive Trade Practices Act, fraudulent inducement, negligent misrepresentation and gross negligence.  Blackwell seeks compensatory damages, exemplary damages, attorney's fees, and any other relief to which he might be entitled.  This action arises out of what Plaintiff alleges is a "bait and switch" scheme by Across U.S.A. with respect to a contract between the parties for moving Plaintiff's and his partner's personal and household possessions from their former abode in Plano, Texas, to their current abode in Mint Hill, North Carolina.

**Memorandum Opinion and Order – Page 1**

Across U.S.A. removed the state court action to federal court on November 4, 2014. Defendant contends that removal is proper because: (1) Plaintiff's cause of action against it as the motor carrier of household goods from Plano, Texas, to Mint Hill, North Carolina, under a single bill of laden, is governed by the Carmack Amendment, 49 U.S.C. § 14706; (2) federal question jurisdiction exists, as the right Plaintiff seeks to assert requires the resolution of a substantial federal question; and (3) complete diversity of citizenship exists between the parties.

Blackwell disagrees and contends that: (1) the forum selection clause between the parties requires remand because Across U.S.A. waived its right to remove; (2) the Carmack Amendment is not applicable because he does not seek to recover for the loss or injury to property but for a "bait and switch" tactic used by Across U.S.A.; and (3) the in-state defendant rule prevents removal based on diversity of citizenship.  The court agrees with Blackwell that the forum selection clause mandates remand because Defendant waived its right to remove.  As the court finds this argument dispositive, it declines to address the second and third reasons advanced by Plaintiff for the remand of this action.

## II.     Analysis

### A.     Forum Selection Clauses

A party to a contract may waive its right to remove an action to federal court.  *Waters v. Brown-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001).  Specifically, "[a] party may waive its rights by explicitly stating that it is doing so, by allowing the other party to choose venue, or by establishing an exclusive venue within the contract."  *City of New Orleans v. Municipal Admin. Servs.*, 376 F.3d 501, 504 (5th Cir. 2004).

"Where such forum selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' . . . their enforcement does not offend due

process." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985).  The enforceability of a forum selection clause is a question of law, and such clauses are presumptively valid. *See Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, 35 (5th Cir. 1997).  The party resisting the forum selection clause must show that the clause is "unreasonable" before a court may decline to enforce it. *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 220 (5th Cir. 1998).  Unreasonableness may be demonstrated by "a showing that *the clause* results from fraud or overreaching, that it violates a strong public policy, or that enforcement of the clause deprives the [party resisting the clause] of his day in court." *Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 301 (5th Cir. 1998) (quoting *Mitsui & Co.*, 111 F.3d at 35). "The party resisting enforcement on these grounds bears a 'heavy burden of proof.'" *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972)). Although *M/S Bremen* set forth the criteria and procedures regarding the enforceability of forum selection clauses to be applied by a federal court deciding admiralty cases, the rules set forth in *M/S Bremen* equally apply to forum selection clauses in diversity cases or those that involve a federal question. *Haynsworth*, 121 F.3d at 962 (citations omitted).

### B. Discussion

The forum selection clause in this case provides as follows:

> **Agreed Mandatory Choice of Law, Venue & Jurisdiction.** If a lawsuit becomes necessary to resolve any dispute between the carrier and shipper, said suit shall and must only be brought in circuit or county court in and for Dallas County, Texas.  Suits involving dispute[s] over interstate shipments must be limited to the governing federal law.  Both parties agree to submit themselves to the jurisdiction of the Texas Courts and agree given the relationship to the state, such exercise is reasonable and lawful.  Shipper consents to jurisdiction in Dallas County, Texas and hereby waives the right to be served within the State of Texas.

Pl.'s Mot. to Remand, Ex. A-1 at 3; Ex. A-2, § 11.  From the clear and unequivocal language of this provision, any lawsuit must be brought in the "circuit or county court in and for Dallas County, Texas."  The court takes judicial notice that there is *no* circuit court in and for Dallas County, Texas.  Moreover, the parties expressly agreed to submit themselves to "the jurisdiction of the Texas Courts."

A federal district court is not a "Texas" court.  In *Dixon v. TSE International, Incorporated*, 330 F.3d 396 (5th Cir. 2003), the Fifth Circuit addressed this issue and succinctly stated:

> Federal district courts may be in Texas, but they are not *of* Texas.  *Black's Law Dictionary* defines "of" as "denoting that from which anything proceeds; indicating origin, source, descent."  Federal courts indisputably proceed from, and find their origin in, the federal government, though located in particular geographic regions.  By agreeing to litigate all relevant disputes solely in "the Courts of Texas," TSE waived its right to removal.

*Id*. at 398 (footnote omitted).  The Northern District of Texas has its origin in Article III of the United States Constitution and the federal statutes.  The Northern District of Texas is a creation of the federal government and comprises 100 Texas counties, one of which is Dallas County.  *See* 28 U.S.C. § 124(a)(1)-(7).  Therefore, it is not a forum in which this action may proceed.  By purposefully agreeing to litigate any legal dispute in the "county court in and for Dallas County, Texas," and by submitting to "the jurisdiction of the Texas Courts," Across U.S.A. waived its right to removal.

In this case, Across U.S.A. acknowledges that forum selection clauses should be enforced unless the opposing party shows that enforcement is unreasonable.  Def.'s Resp. to Pl.'s Mot. to Remand 6.  Across U.S.A. sets forth no grounds to establish that enforcement of the forum selection clause agreed to by the parties would be unreasonable.  Defendant has not even alleged, much less established, that: (1) the inclusion of the clause in the parties' contract was a result of

**Memorandum Opinion and Order – Page 4**

fraud or overreaching; (2) it will be deprived of its day in court; (3) the fundamental unfairness of the laws of Texas will deprive it of a remedy; or (4) enforcement of the clause would contravene a strong public policy of the State of Texas. Here, Across U.S.A., a Texas corporation with its principal place of business in Dallas County, drafted the contract that includes the forum selection clause. Given that Defendant is a Texas citizen, the court fully understands why it would want litigation to be decided by a Texas court. Submission to the Texas courts is what Across U.S.A. intended and bargained for, and nothing has been presented to justify the court relieving Across U.S.A. from what it knowingly and intentionally contracted for in advance of this litigation. The court concludes that Across U.S.A. is bound by its contractual waiver as set forth in the forum selection clause.

## III.    Attorney's Fees

Blackwell has requested that the court award him attorney's fees and costs. He seeks attorney's fees and costs incurred for obtaining a remand of this action to state court pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Bad faith is not "a prerequisite to awarding attorney fees and costs." *Id.* (citation omitted). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). In this regard, the court must decide "whether the defendant had objectively reasonable

grounds to believe the removal was legally proper" at the time of removal, "irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes*, 199 F.3d at 293.

As evidenced by the cases cited herein, the area of law regarding removal, remand, forum selection clauses, and waiver was well-established more than ten years prior to removal of this action to federal court by Defendant.  Given the strength of this authority, Across U.S.A. did not have objectively reasonable grounds to believe that removal was legally proper.  Simply stated, this action should not have been removed to federal court.  The court therefore concludes that the removal to federal court was objectively unreasonable, and Blackwell is entitled to his reasonable attorney's fees and costs expended in obtaining a remand of this action.  In this vein, Blackwell must provide documentation to show that the amount he seeks in attorney's fees and expenses is reasonable.  "A request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  The parties therefore are strongly urged to reach an agreement regarding attorney's fees and costs; however, if an agreement cannot be reached, any motion for attorney's fees and expenses must be filed by **May 7, 2015**.

## IV.    Conclusion

For the reasons stated herein, the court **concludes** that the forum selection clause agreed to by the parties is enforceable and that Across U.S.A. waived its right to remove this action to federal court.  Accordingly, the court **grants** Plaintiff's Motion to Remand and **remands** this action to County Court at Law No. 5, Dallas County, Texas.  The clerk of the court shall effect this remand in accordance with the usual procedure.  For the reasons previously stated, Blackwell is entitled to a reasonable award of attorney's fees and costs.

**It is so ordered** this 23rd day of April, 2015.

Sam A. Lindsay
United States District Judge